UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 3:19-cr-00022-GFVT-EBA |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| SAI P. GUTTI, M.D., ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Generally, a federal criminal defendant in the United States is charged with criminal activity by way of an indictment returned in open court by a grand jury. Such an indictment must give a defendant notice of the crimes charged so he or she can adequately prepare a defense. If this charging document suffers from certain defects that do not adequately give the defendant notice, Federal Rule of Criminal Procedure 12(b) allows for the dismissal of the indictment prior to trial. Defendant Sai P. Gutti, M.D., seeks relief from the Court under this Rule. Dr. Gutti argues that the Indictment—which charges Dr. Gutti with eight counts of health care fraud—is premised on an unconstitutional delegation of Congress's rulemaking power. Alternatively, Dr. Gutti asks for the Court to grant a Motion in Limine to prevent the use of allegedly unconstitutional evidence at trial. Because the Indictment complies with the requirements of the United States Constitution, Dr. Gutti's Motion to Dismiss and Alternative Motion in Limine [R. 34] is **DENIED**.

**I**

On April 11, 2019, a Federal Grand Jury returned an Indictment against Sai P. Gutti, M.D. [R. 1]. This Indictment charged Dr. Gutti with eight counts of health care fraud in violation of 18 U.S.C. § 1347. *Id.* According to the factual background set forth in the Indictment, Dr. Gutti was a Kentucky-licensed physician who provided pain management services in Pikeville, Kentucky. *Id.* at 5. Dr. Gutti was enrolled as a provider with both Medicare and Medicaid. *Id.* at 5. The Government contends that, between August 2016 and March 2019, Dr. Gutti ordered extraneous analyses[1] of various patients' urine irrespective of any identified medical need and that, by doing so, "did knowingly and willfully execute, and attempt to execute, a scheme or artifice to defraud" Medicare and Medicaid. [R. 1 at 6; R. 35 at 5.] Allegedly, Dr. Gutti ordered these tests to "obtain, by means of materially false and fraudulent pretenses . . . money and property owned by, and under the custody and control of" Medicare and Medicaid. [R. 1 at 6-7.]

Defendant Gutti now moves to dismiss the Indictment on the basis that the counts of health care fraud brought against him are inherently reliant on a standard promulgated by a private entity as "sub-regulatory guidance" which lacks the force of law. Dr. Gutti alleges that, to prove health care fraud under Section 1347, the Government must establish that he violated an unconstitutionally promulgated standard and that this inherent reliance renders the Indictment itself unconstitutional. The Court, having analyzed the arguments on the matter, **DENIES** Dr. Gutti's Motion to Dismiss and Alternative Motion in Limine.

---

[1] Dr. Gutti is alleged to have ordered unnecessary and fraudulent presumptive and quantitative urine analyses. [R. 1 at 8-9.] Presumptive urine analyses are used to detect the presence of narcotics in the body; quantitative urine analyses are used to determine the amount of a narcotic present in the body. The Government alleges that Dr. Gutti ordered sets of these tests through fraudulent blanket orders, irrespective of individual patients' medical needs. [R. 35 at 2-3.]

## II

### A

Dr. Gutti first seeks complete dismissal of the Indictment brought against him.  Federal grand jury indictments have a purpose.  As the Supreme Court explained in *Russell v. United States*, our use of the indictment today is rooted in the guarantees set forth in the Fifth and Sixth Amendments to the United States Constitution.  *See* 369 U.S. 749, 760-61 (1962).  The Fifth Amendment provides that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ."  U.S. CONST. amend. V.  And according to the Sixth Amendment, "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ."  U.S. CONST. amend. VI.  Out of this constitutional framework comes two criteria for federal indictments:  First, an indictment must set forth the elements of the offense charged, thereby giving notice to a defendant of the accusations he must face.  Second, an indictment must be sufficiently specific so that a defendant may plead double jeopardy, if charged in a subsequent proceeding with the same crime based on the same facts.  *See Russell*, 369 U.S. at 763-64; *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992).  With these requirements in mind, the Court considers Defendant Gutti's argument.

In his attack of the Indictment, Dr. Gutti does not argue that the Indictment violates *Russell* or that 18 U.S.C. § 1347 itself is unconstitutional.  [R. 34.]  Instead, Dr. Gutti frames the Indictment as alleging that, because he violated "sub-regulatory" standards, he therefore committed fraud.  *Id.*  Dr. Gutti argues the Government's reliance on "sub-regulatory" standards stains the Indictment and requires its dismissal.  *Id.*  Regarding the regulatory process in question, the Government explains that the Department of Health and Human Services contracts

with the Centers for Medicare and Medicaid Services ("CMS") to promulgate regulations and provide guidance about the reimbursement requirements for specific services and procedures, [R. 35 at 3; 42 U.S.C. § 1395hh.]  CMS in turn contracts with Medicare Administrative Contractors ("MACs") to "administer its rules and regulations and adjudicate claims submitted to the Medicare program within a specified region."  *See* 42 U.S.C. § 1395(h); 42 C.F.R. §§ 421.3. 421.100.  In turn, MACs issue Local Coverage Determinations ("LCDs"), which serve as "determinations" as to "when a particular item or service is reimbursable."  *See* 42 U.S.C. § 1395ff(2).  Specifically regarding urine analyses, the MAC for the region which includes Kentucky has issued LCD L36029 which "makes clear that urine drug testing that is the result of 'blanket orders' or 'routine standing orders' is not medically reasonable and necessary and therefore, not reimbursable."  [R. 35 at 4.]  Thus, under LCD L36209, urine drug testing by blanket orders is not permitted to be reimbursed unless it is a medical necessity.  *See id.*

Additionally, LCD L36029 states that, to be allowed reimbursement from Medicaid or Medicare, a doctor must document a need for ordering drug urine tests in his patients' charts and only administer urine drug tests when medically necessary.  [R. 34 at 4.]  In his Motion to Dismiss, Dr. Gutti characterizes the Indictment as alleging that, because he violated LCD L36029's requirements for reimbursement, he committed health care fraud.  [*See* R. 34 at 4; R. 17 at 19.]  Gutti contends that, because the requirements for reimbursement and the "medically necessary" standard were each promulgated by a MAC, who lacks rulemaking power, and not within the health care fraud statute itself as legislated by Congress or an entity granted proper rulemaking power, his Indictment must be dismissed.  *Id.* at 9.

In opposition, the Government first argues that the *Russell* standard is satisfied and therefore the Indictment should survive Dr. Gutti's Motion to Dismiss.  Next, the Government

4

argues that Dr. Gutti's private nondelegation argument is misguided because the Government's claim that Dr. Gutti violated LCD L36029 is simply evidence used to support its allegation of health care fraud and not an alleged violation of law itself. [R. 35.]

Despite Dr. Gutti's thoughtful argument, the Court is unpersuaded by his characterization of the Indictment and the issue at hand. First, Dr. Gutti does not claim that the Indictment does not inform him of the criminal charges brought against him or that the Indictment is not sufficiently specific to allow him to plead double jeopardy in a proceeding going forward. *See Russell*, 369 U.S. at 763, 764. Nor could he reasonably do so. The Indictment charges Dr. Gutti with eights counts of health care fraud in violation of 18 U.S.C. § 1347. [R. 1 at 6.] The Indictment continues by describing that Dr. Gutti submitted "false and fraudulent claims to Medicare, Medicaid, and other health care benefit programs," and did so through a process of directing employees to perform urine drug tests without establishing medical necessity. *Id.* at 6-7. The Indictment also includes a table listing each fraudulent claim and the dates at which Dr. Gutti filed these claims. *Id.* at 10. The document clearly and adequately informs Dr. Gutti of the crimes with which he is charged, such that he and counsel can prepare a defense to the Government's allegations. Additionally, the Indictment sets forth the dates the allegedly unnecessary urine samples were collected and tested, the beneficiaries' initials, and the payors for each of the eight health care fraud counts charged. [R. 1 at 10.] Based on this charging document, Dr. Gutti should have no trouble raising a double jeopardy defense should he be charged with a similar crime at any future point in time.

Next, Dr. Gutti's argument that the Government's reliance on LCD L36209 renders the Indictment unconstitutional is unpersuasive. Dr. Gutti alleges that the Government is charging him with fraud because he did not document the individualized need for the urine drug tests, i.e.

5

medical necessity, of each patient prior to administering the tests. [R. 34-1 at 4.] Dr. Gutti alleges that the Indictment is therefore unconstitutional because these standards were promulgated by a private entity who lacks rulemaking power. *Id.* Under Dr. Gutti's characterization, the Government is charging him, at least inherently, not with health care fraud under Section 1347, but with a violation of the standards set forth by the LCD. *See id.* Dr. Gutti's Motion then contains several pages of argument surrounding the unconstitutionality of being charged with a violation of a rule promulgated by an entity which lacks constitutional rulemaking power. *See* [R. 34-1 at 6-14.]

In response, the United States characterizes the violation of LCD standards not as substantive criminal acts but as relevant evidence for a jury to weigh in deciding whether a defendant committed health care fraud. [R. 35 at 11.] The United States explains that "Gutti is charged with violating Section 1347, not the LCD. The United States will not argue, nor will the jury be instructed, that simply violating the LCD constitutes a crime. Instead, the United States intends to present the LCD as evidence of the crime . . . ." *Id.* In support, the United States describes that medical necessity cases brought under Section 1347 cover a wide variety of situations and are not limited to any particular procedure or service. *Id.* (referencing *United States v. Franklin-El*, 554 F.3d 903, 910-11 (10th Cir. 2009)).  It additionally argues that LCDs, promulgated on multitudes of topics not specifically mentioned in Section 1347 itself, can be used to help a jury determine whether fraudulent activity occurred. *Id.* at 10. The United States' reference to *United States v. Semrau* is particularly compelling. 693 F.3d 510 (6th Cir. 2012). In *Semrau*, the Sixth Circuit upheld a defendant's conviction despite his argument that he had been charged with violating the rules of CPT code billing procedures instead of health care fraud.[2]

---

[2] The defendant's argument in *Semrau* is strikingly similar to Dr. Gutti's in this matter. In *Semrau,* the defendant alleged that he had been unconstitutionally convicted because he violated CPT billing codes,

6

The Sixth Circuit found that the defendant had not been convicted for violating these codes, but, instead, had been convicted under Section 1347 and the CPT codes were simply evidence used to prove his fraud. *Id.* at 530-31. This decision parallels the current matter.

Upon analysis of all arguments on the matter, the Court is unpersuaded that Dr. Gutti's Indictment is unconstitutional. First, the Indictment satisfies the two-prong *Russell* test. The document clearly and adequately informs Dr. Gutti of the crimes with which he is charged, such that he and counsel can prepare a defense to the Government's allegations. Additionally, based on the charging document, Dr. Gutti should have no trouble raising a double jeopardy defense should he be charged with a similar crime at any future point in time. Second, the Court agrees with the United States that the standards promulgated by a MAC relevant to this matter are evidentiary and are referenced by the United States as proof of Dr. Gutti's alleged fraud, not independent violations of the law. Accordingly, and the Court being otherwise sufficiently advised, Dr. Gutti's Motion to Dismiss Indictment [**R. 34**] is **DENIED**.

### B

Next the Court turns to Dr. Gutti's Alternative Motion in Limine [R. 34.] Because the evidence in question[3] has been determined as evidentiary in nature, the Court need not analyze whether the procedures by which a MAC promulgates LCDs is unconstitutional and therefore irrelevant. [R. 34-1 at 14.] The United States has indicated that it does not object to a proper limiting instruction on the matter. [R. 35 at 21.] The Court welcomes the parties to pursue this in the context of trial.

---

which lacked the force of law. 693 F.3d 510, 530 (6th Cir. 2012). The defendant alleged his conviction violated multiple constitutional provisions, including the nondelegation doctrine. *Id.* The Sixth Circuit rejected this argument.

[3] The various standards promulgated by MACs through LCDs

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that the Defendant's Alternative Motion in Limine [R. 34] is **DENIED**.

This the 9th day of November, 2020.

Gregory F. Van Tatenhove
United States District Judge